# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

CASE NO.:

AMERICAN STRATEGIC INSURANCE
CORP.,

      Plaintiff,

v.

JUAN ANTONIO FERNANDEZ,
DORALIZ ABIGAIL LANTIGUA
FERNANDEZ, and SILVIA SOARES.

      Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, AMERICAN STRATEGIC INSURANCE CORP. ("ASI"), by and through undersigned counsel, sues Defendants, JUAN ANTONIO FERNANDEZ ("Mr. Fernandez"), DORALIZ ABIGAIL LANTIGUA FERNANDEZ ("Mrs. Fernandez"), and SILVIA SOARES ("Ms. Soares"), and hereby alleges:

## INTRODUCTION

1. This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, *et seq.*

2. ASI seeks a determination by the Court that there is no insurance coverage available under the ASI Homeowners Policy No. FLA469808 (the "Policy") for any and all claims arising out of allegations that a hidden camera was

discovered inside the residence located at 298 Siesta Vista Ct., Davenport, Florida 33896 (the "Premises") (the "Incident").

3.     ASI seeks declaratory judgment because the allegations asserted against the Insureds in *Silvia Soares v. Juan Antonio Fernandez and Doraliz Abigail Lantigua Fernandez,* Case No. 2025CA-003247-A000-BA, pending in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida (the "Underlying Lawsuit"), are excluded from coverage under the Policy and/or do not trigger coverage in the first instance.

## PARTIES

4.     ASI is a corporation incorporated under the laws of the State of Indiana with a principal place of business in Ohio. Accordingly, ASI is a citizen of Indiana and Ohio for purposes of U.S.C § 1332(c)(1).

5.     Defendant Mr. Fernandez is a natural person domiciled in Polk County, Florida and is therefore a citizen of Florida. Mr. Fernandez is a named insured under the Policy and a defendant in the Underlying Lawsuit.

6.     Defendant Mrs. Fernandez is a natural person domiciled in Polk County, Florida and is therefore a citizen of Florida. Mrs. Fernandez is a named insured under the Policy and a defendant in the Underlying Lawsuit.

7.     Upon information and belief, Defendant Ms. Soares is a natural person domiciled in Polk County, Florida and is therefore a citizen of Florida.

8.    Upon information and belief, Defendant Ms. Soares is the plaintiff in the Underlying Lawsuit and claims damages allegedly arising from the Incident described herein and therefore has a potential interest in the insurance policy at issue.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1332, as complete diversity of citizenship exists between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

10.    This Court also has jurisdiction to grant declaratory relief pursuant to 28 USCS § 2201.

11.    This Court has personal jurisdiction over Defendant Mr. Fernandez because he is domiciled in Florida.

12.    This Court has personal jurisdiction over Defendant Mrs. Fernandez because she is domiciled in Florida.

13.    This Court has personal jurisdiction over Defendant Ms. Soares because she is domiciled in Florida.

14.    Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because all defendants reside in Florida, a substantial part of the events giving rise to this action occurred in Polk

County, Florida, the insured property is located in Polk County, Florida, and the Underlying Lawsuit is pending in Polk County, Florida.

## GENERAL ALLEGATIONS

### The Policy

15.    ASI issued the Policy to Mr. and Mrs. Fernandez (collectively referred to as the "Insureds") for the policy period April 13, 2024, through April 13, 2025. A true and correct copy of the Policy is attached hereto as **Exhibit "A"** and incorporated herein by reference.

16.    The Policy provides Coverage E – Personal Liability and Coverage F – Medical Payments to Others, subject to all terms, conditions, exclusions, endorsements, and Florida-specific provisions.

17.    The Policy reads, in pertinent part, as follows:

### DEFINITIONS

In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We," "us" and "our" refer to the Company providing this insurance. In addition, certain words and phrases are defined as follows:

…

**3.** "Insured" means you and residents of your households how are:

**a.** Your relatives;

…

**5.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

    **a.** "Bodily injury"; or

  **b.** "Property damage."

…

### SECTION II – LIABILITY COVERAGES

**COVERAGE E – Personal Liability**

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured"; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

**COVERAGE F – Medical Payments To Others**

We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing "bodily injury." … This coverage does not apply to you or regular residents of our household except "residence employees." …

## SECTION II – EXCLUSION

**1. Coverage E – Personal Liability** and **Coverage F – Medical Payments to Others** do not apply to "bodily injury" or "property damage"

a. Which is expected or intended by the "insured";

b. Arising out of or in connection with a "business" engaged in by an "insured." This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the "business";

…

## SPECIAL PROVISIONS FOR FLORIDA

Under **1. COVERAGE E - Personal Liability** and **COVERAGE F - Medical Payments to Others** do not apply to "bodily injury" or "property damage": items **a., f.(4)(a), g., k.,** and **l.** are replaced by the following

**a.** "Bodily injury" or "property damage" which is expected or intended by an "insured" even if the resulting "bodily injury" or "property damage:

**(1)** Is of a different kind, quality or degree than initially expected or intended; or

**(2)** Is sustained by a different person, entity, real or personal property, than initially expected or intended.

…

Under **1. COVERAGE E – Personal Liability** and **COVERAGE F – Medical Payments to Others**, the following items are added:

…

**q.** "Bodily injury" or "property damage" arising out of criminal or illegal activity, meaning any and all criminal or illegal acts performed by any insured regardless of whether the consequences of those acts were intended or anticipated.

…

### The Underlying Lawsuit

18.     The Underlying Lawsuit alleges that Ms. Soares, a tenant of the Premises, discovered a concealed camera inside the residence and asserts claims for reckless infliction of emotional distress against both Mr. and Mrs. Fernandez. Without admitting the allegations set forth in the Underlying Lawsuit Complaint, a copy of the Complaint filed in the Underlying Lawsuit is attached hereto as **Exhibit B**.

19.     Although labeled as "reckless," the allegations in the Underlying Lawsuit are premised upon deliberate, knowing, intentional, and/or criminal conduct involving the installation or presence of a hidden recording device inside a leased residence.

20.     The Underlying Lawsuit further alleges that the Premises were leased to Ms. Soares as rental property owned, operated, and/or managed by the Insureds.

21.     Accordingly, the claims asserted in the Underlying Lawsuit arise from and are connected to the leasing, management, and operation of the Premises as rental property.

22. To the extent the alleged injuries arose from activities undertaken in connection with the rental of the Premises, such activities constitute business-related conduct within the meaning of the Policy.

### The Coverage Dispute

23. ASI issued a Reservation of Rights letter to both Mr. and Mrs. Fernandez on February 12, 2026, identifying significant coverage reservations under the Policy in light of the allegations asserted against them in the Underlying Lawsuit.

24. Specifically, ASI reserved all rights to deny coverage based on the nature of the claims and the application of various Policy terms, exclusions, and definitions.

25. As reflected above, the Policy provides coverage for "bodily injury" or "property damage" caused by an "occurrence." The Policy defines "occurrence" as an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

26. The Policy excludes coverage for "bodily injury" or "property damage" which is expected or intended by an insured (referred here to as the "Intentional Acts Exclusion").

27. The Policy further excludes coverage for "bodily injury" or "property damage" arising out of criminal or illegal activity, defined as any and all criminal or illegal acts performed by any insured, regardless of whether the consequences were

intended or anticipated (referred here to as the "Criminal/Illegal Activity Exclusion").

28. The Underlying Lawsuit alleges conduct that, if proven, may constitute violations of Florida Statutes §810.145 and related criminal statutes.

29. The Policy also excludes coverage for "bodily injury" or "property damage" arising out of or in connection with a "business" engaged in by an insured (referred here to as the "Business Pursuits Exclusion").

30. The Underlying Lawsuit alleges that the claimed damages arose from the leasing and management of the Premises as rental property.

31. ASI is in doubt as to its rights, obligations, and duties (if any) owed to the Insureds with respect to the claims asserted in the Underlying Lawsuit.

32. Without a declaration from this Court, ASI remains uncertain as to whether it owes any duty to defend or indemnify the Insureds.

33. An actual and justiciable controversy presently exists between ASI and Defendants concerning the existence of insurance coverage under the Policy and ASI's duties, if any, to defend and indemnify the Insureds in connection with the Underlying Lawsuit. The controversy is definite and concrete, touches the legal relations of parties having adverse legal interests, and is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

34.    All conditions precedent to the filing of this action have been performed, have occurred, or have been waived.

## COUNT I – DECLARATORY RELIEF
## (NO "OCCURRENCE" – AS TO DEFENDANTS MR. FERNANDEZ AND MRS. FERNANDEZ)

35.    ASI re-alleges and incorporates paragraphs 1 through 34 above as if fully set forth herein.

36.    An actual, immediate controversy exists between ASI and Defendants regarding whether the allegations in the Underlying Lawsuit trigger coverage under the Policy.

37.    The Policy provides liability coverage only for damages caused by an "occurrence."

38.    The Policy defines "occurrence" as an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

39.    The Underlying Lawsuit alleges that the Insureds engaged in deliberate, purposeful conduct involving the placement and/or presence of a concealed recording device inside the Premises.

40.    The installation, maintenance, or knowing presence of a hidden camera is not accidental in nature and does not constitute an "accident."

41.    Because the conduct alleged is intentional and volitional rather than accidental, it does not meet the Policy's definition of an "occurrence."

42.    Where there is no "occurrence," the insuring agreement is not triggered.

43.    Accordingly, ASI has no duty to defend or indemnify Defendants Mr. Fernandez and Mrs. Fernandez in connection with any claim brough by Ms. Soares including but not limited to the claims as alleged in the Underlying Lawsuit.

**WHEREFORE**, Plaintiff, ASI, respectfully requests that this Court enter a judgment declaring and adjudicating:

a.    That this Court has jurisdiction over the parties and the subject matter;

b.    That there is no coverage under the Policy for Defendants Mr. Fernandez, Mrs. Fernandez and Ms. Soares for any claims, including but not limited to the claims raised within the Underlying Lawsuit;

c.    That because there is no coverage under the Policy, ASI has no duty to provide a defense or indemnification to Mr. Fernandez, Mrs. Fernandez and Ms. Soares with respect to any claims, including but not limited to the claims raised within the Underlying Lawsuit;

d.    That this Court award ASI the costs incurred as a result of this lawsuit; and

e.    Such other relief as this Court deems just and proper.

## COUNT II – DECLARATORY RELIEF
## (INTENTIONAL ACTS EXCLUSION – AS TO MR. FERNANDEZ)

44.    ASI re-alleges and incorporates paragraphs 1 through 34 above.

45.    The Policy excludes coverage for "bodily injury" or "property damage" which is expected or intended by an insured.

46.    Under the Florida Special Provisions, this exclusion applies even if the resulting injury is of a different kind, quality, or degree than initially expected or intended, or is sustained by a different person than initially expected.

47.    It is ASI's belief that, although the Underlying Lawsuit labels the claims as "reckless," the factual allegations are premised upon knowing, intentional, and deliberate conduct.

48.    If the allegations are proven, the damages alleged necessarily arise from intentional acts by Mr. Fernandez.

49.    Accordingly, coverage for the claims asserted against Mr. Fernandez is barred by the Intentional Acts Exclusion, and ASI therefore has no duty to defend or indemnify Mr. Fernandez.

**WHEREFORE**, Plaintiff, ASI, respectfully requests that this Court enter a judgment declaring and adjudicating:

a.    That this Court has jurisdiction over the parties and the subject matter;

b.    That there is no coverage under the Policy for Defendant Mr. Fernandez for any claims, including but not limited to the claims raised within the Underlying Lawsuit;

c.    That because there is no coverage under the Policy, ASI has no duty to

provide a defense or indemnification to Mr. Fernandez, Mrs. Fernandez and Ms. Soares with respect to any claims, including but not limited to the claims raised within the Underlying Lawsuit;

d.   That this Court award ASI the costs incurred as a result of this lawsuit; and

e.   Such other relief as this Court deems just and proper.

### COUNT III – DECLARATORY RELIEF
### (CRIMINAL/ILLEGAL ACTIVITY EXCLUSION – AS TO DEFENDANT MR. FERNANDEZ)

50.   ASI re-alleges and incorporates paragraphs 1 through 34 above.

51.   The Policy excludes coverage for "bodily injury" or "property damage" arising out of criminal or illegal activity, defined as any criminal or illegal acts performed by any insured regardless of whether the consequences were intended or anticipated.

52.   The Underlying Lawsuit alleges conduct that may constitute violations of Florida Statutes §810.145 (Video Voyeurism) and related criminal statutes.

53.   The installation or use of a concealed camera in a location where a person has a reasonable expectation of privacy is criminalized under Florida law.

54.   If the allegations are proven, the alleged conduct constitutes criminal or illegal activity by Mr. Fernandez.

55.    Because the Policy expressly excludes coverage for bodily injury arising out of criminal or illegal acts, coverage for the claims asserted against Mr. Fernandez is barred by the Criminal/Illegal Acts Exclusion and ASI therefore has no duty to defend or indemnify Mr. Fernandez.

**WHEREFORE**, Plaintiff, ASI, respectfully requests that this Court:

a.    That this Court has jurisdiction over the parties and the subject matter;

b.    That there is no coverage under the Policy for Defendant Mr. Fernandez, for any claims, including but not limited to the claims raised within the Underlying Lawsuit;

c.    That because there is no coverage under the Policy, ASI has no duty to provide a defense or indemnification to Mr. Fernandez, Mrs. Fernandez and Ms. Soares with respect to any claims, including but not limited to the claims raised within the Underlying Lawsuit;

d.    That this Court award ASI the costs incurred as a result of this lawsuit; and

e.    Such other relief as this Court deems just and proper.

### COUNT IV – DECLARATORY RELIEF
### (BUSINESS PURSUITS EXCLUSION - AS TO DEFENDANT MR. FERNANDEZ AND MRS. FERNANDEZ)

56.    ASI re-alleges and incorporates paragraphs 1 through 34 above.

57. The Policy excludes coverage for "bodily injury" or "property damage" arising out of or in connection with a "business" engaged in by an insured.

58. The exclusion applies to any act or omission involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the business.

59. The Underlying Lawsuit alleges that the Premises were leased to Ms. Soares as rental property and that the claimed damages arose from the leasing, management, and operation of the Premises.

60. Leasing and managing rental property constitute a business activity within the meaning of the Policy.

61. To the extent the claims arise out of or in connection with such business activities, coverage for Mr. Fernandez and Mrs. Fernandez is barred by the Business Pursuit Exclusion.

62. Accordingly, ASI has no duty to defend or indemnify the Defendants.

**WHEREFORE**, Plaintiff, ASI, respectfully requests that this Court:

a. That this Court has jurisdiction over the parties and the subject matter;

b. That there is no coverage under the Policy for Defendants Mr. Fernandez, Mrs. Fernandez and Ms. Soares for any claims, including but not limited to the claims raised within the Underlying Lawsuit;

c. That because there is no coverage under the Policy, ASI has no duty to

provide a defense or indemnification to Mr. Fernandez, Mrs. Fernandez and Ms. Soares with respect to any claims, including but not limited to the claims raised within the Underlying Lawsuit;

d.    That this Court award ASI the costs incurred as a result of this lawsuit; and

e.    Such other relief as this Court deems just and proper.

DATED: July 1, 2026

/s/ John Bond Atkinson
JOHN BOND ATKINSON
Florida Bar No.: 0290270
jatkinson@atkattorneys.com
cpaez@atkattorneys.com
mbarrera@atkattorneys.com
Atkinson, P.A.
1 S.E. Third Avenue, Suite 2100
Miami, Florida 33131
Tel.  305-376-8840
Fax. 305-376-8841
*Attorneys for Plaintiff ASI*